| | |
|---|---|
| 1 | WRIGHT, FINLAY & ZAK, LLP |
| 2 | Joan C. Spaeder-Younkin, Esq., SBN 192235 |
|   | Ryan Thomason, Esq., SBN 325621 |
| 3 | 4665 MacArthur Court, Suite 200 |
| 4 | Newport Beach, CA 92660 |
|   | Tel: (949) 477-5050; Fax: (949) 608-9142 |
| 5 | jspaeder@wrightlegal.net; rthomason@wrightlegal.net |

Attorneys for Defendants, FAY SERVICING, LLC and WILMINGTON TRUST, N.A. AS TRUSTEE FOR MFRA TRUST 2015-1

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CHU, an individual, | Case No.: |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1331 and 1441; DECLARATION OF JOAN C. SPAEDER-YOUNKIN** |
| vs. | |
| FAY SERVICING, LLC; WILMINGTON TRUST, N.A. AS TRUSTEE FOR MFRA TRUST 2015-1; BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP; AND DOES 1-10 INCLUSIVE, | **[FEDERAL QUESTION JURISDICTION]** |
| | Complaint Filed:  January 29, 2020 |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**:

**PLEASE TAKE NOTICE** that Defendants FAY SERVICING, LLC, and WILMINGTON TRUST, N.A. AS TRUSTEE FOR MFRA TRUST 2015-1 (collectively "Defendants") hereby remove to this United States District Court, the state court action described below.

**THE ACTION BEING REMOVED**

On January 29, 2020, Plaintiff STEPHANIE CHU ("Plaintiff"), filed a Complaint in the Superior Court of the State of California, County of San Mateo ("State Court"), entitled *Stephanie Chu v. Fay Servicing, LLC, et al.,* - Case No. 20-CIV-00610 (the "Action"). A true and correct copy of the State Court Docket for the Action is attached as Exhibit "1" to the Declaration of Joan C. Spaeder-Younkin.  A true and correct copy of the Complaint ("Complaint") on file in the Action is attached as Exhibit "2" to the Declaration of Joan C. Spaeder-Younkin.

On March 27, 2020, Co-Defendant BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP ("BDFTW") filed a Declaration of Non-Monetary Status pursuant to *Civil Code* §2924*l*, without objection, and pursuant to said statute, is currently a non-party, and not required to participate in the action.  A true and correct copy of BDFTW's Declaration of Non-Monetary Status is attached as Exhibit "3" to the Declaration of Joan C. Spaeder-Younkin.

On May 20, 2020, Plaintiff filed a First Amended Complaint ("FAC"), which *adds for the first time* a cause of action under the Federal Truth In Lending Act ("TILA") 15 USC §1641(g).  A true and correct copy of the FAC on file in the Action is attached as Exhibit "4" to the Declaration of Joan C. Spaeder-Younkin.

No other pleadings have been filed with the State Court for the Action at the time of the filing of this Notice.

**REMOVAL BASED ON FEDERAL QUESTION**

The Action may be removed to the United States District Court, in accordance with 28 U.S.C. §1441(a) since this District Court has original jurisdiction over the Action, pursuant to 12 U.S.C. §1331, over the federal question presented in Plaintiff's FAC. Specifically, the Action is brought under, and requires an analysis of the laws of the United States: TILA 15 USC §1641(g).

### A. Amount in Controversy.

In addition to the federal question requirement, federal law requires that the "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…" 28 U.S.C. § 1332(a).  "In actions to enforce or protect an interest in property, the value of the property interest determines the amount in controversy."  Cal. Practice Guide, Fed. Civ. Pro. Before Trial, Ch. 2C-8, §§ 2:1765, 1:1780, 2:1835-2:1836.  Moreover, "in actions seeking declaratory or injunctive relief, it is well-established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002).  Further, "[i]f preventing foreclosure is the plaintiff's primary purpose in bringing the lawsuit, then the loan amount is the proper measure of the amount in controversy.'" *Bicocca v. Wells Fargo Bank, N.A.*, 2018 WL 1100450, at *3 (E.D. Cal., Feb. 22, 2018), *citing*, *Rodriguez v. Wells Fargo Bank, N.A.*, 2016 WL 2602421, at *4 (E.D. Cal. May 5, 2016).

Here, Plaintiff seeks general damages, compensatory damages, statutory damages, attorney's fees, rescission, reformation, and other relief, including an injunction preventing Defendants from having the authority to enforce the subject Deed of Trust securing the $547,500.00 loan at issue in this action through foreclosure.  Thus, the object of the litigation is the $547,500.00 loan and the subject property that secures its repayment located at 23 Dory Lane, Foster City, CA 94404 (the "Property").  The Deed of Trust securing repayment of that $547,500.00 loan was recorded against the Property on August 4, 2006, in the public records of San Mateo County, a true and correct copy of which is attached as Exhibit "5" to the Declaration of Joan C. Spaeder-Younkin.

In addition, the assessed value of the subject Property is $630,992.00 total, as determined by the San Mateo County Tax Assessor.  A true and correct copy of the San Mateo County Tax Assessor's calculation of the Assessed Value of the

Property is attached as Exhibit "6" to the Declaration of Joan C. Spaeder-Younkin. Thus, the object of the litigation, which is the subject Property, exceeds the $75,000.00 jurisdictional amount for this Court. *Rivas v. Wells Fargo Bank, N.A.*, 2016 WL 8730674, at *4 (E.D. Cal. Dec. 9, 2016) ("Plaintiff places the entire value of the property at issue by requesting that the Court enjoin the sale of his property."). Therefore, this action meets the minimum jurisdictional monetary amount.

### B. Timeliness.

A notice of removal must be filed within thirty (30) days after receipt of service of the initial pleading from which removability can be ascertained. *See* 28 U.S.C. §1446(b)(1). Where the original complaint is not removable, defendant may file a notice of removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 USC § 1446(b)(3). Counsel for Defendants received the FAC via electronic mail on May 20, 2020. The FAC contains the new cause of action under TILA, 15 USC §1641(g), and thus is the first pleading from which removability could be ascertained. As such, this Notice of Removal is within thirty days of May 20, 2020, and is timely.

### C. Consent of Other Parties.

FAY SERVICING, LLC, and WILMINGTON TRUST, N.A. AS TRUSTEE FOR MFRA TRUST 2015-1, the removing Defendants, have obtained consent from Defendant, Barrett, Daffin, Frappier, Treder & Weiss, LLP. Does 1 through 10, are the only other "defendants" to the Action and have not been named or served with the Complaint. Thus, their consent for this Removal is not required. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for consent applies "only to defendants properly joined and served in the action."); *Salverson v. Western States Bankcard Ass'n*, 731 F.2d

1423, 1428 (9th Cir. 1984).

**7.** Pursuant to 28 U.S.C. section 1446(a), Defendants file this Notice in the Northern District Court of the United States for the district and division within which the Action is pending.

**WHEREFORE**, the Action is hereby removed from the State Court to this United States District Court, for the Northern District of California, and removing Defendants FAY SERVICING, LLC, and WILMINGTON TRUST, N.A. AS TRUSTEE FOR MFRA TRUST 2015-1 prays that this District Court proceed, pursuant to 28 U.S.C. section 1441, as well as any other relevant and applicable law, as if this Action had been originally filed in this District Court, and that the proceedings in the State Court be stayed in all respects.

|  |  |
|---|---|
| | Respectfully submitted, |
| | WRIGHT, FINLAY & ZAK, LLP |
| Dated: May 26, 2020 | By: **/s/ Joan C. Spaeder-Younkin, Esq.** |
| | Joan C. Spaeder-Younkin, Esq. |
| | Ryan Thomason, Esq. |
| | Attorneys for Defendants, FAY SERVICING, LLC and WILMINGTON TRUST, N.A. AS TRUSTEE FOR MFRA TRUST 2015-1 |

**DECLARATION OF JOAN C. SPAEDER-YOUNKIN**

I, Joan C. Spaeder-Younkin, declare as follows:

1. I am an attorney licensed to practice before this Court and am one of the attorneys of record for Defendants FAY SERVICING, LLC, and WILMINGTON TRUST, N.A. AS TRUSTEE FOR MFRA TRUST 2015-1 ("Defendants"). The matters stated herein are true and correct of my own personal knowledge, including based on my review of available public records, and if called upon as a witness, I could and would testify competently thereto, except for those that are stated on information and belief, and as to those matters, I am informed and believe them to be true.

2. A true and correct copy of the Court Docket in the above Action is attached hereto as Exhibit 1 and incorporated herein.

3. A true and correct copy of the Complaint received by Defendants on February 25, 2020, which was delivered to my office by Defendants, is attached hereto as Exhibit 2 and incorporated herein.

4. A true and correct copy of the Declaration of Non-Monetary Status pursuant to *Civil Code* §2924*l*, filed in the state court action by Co-Defendant BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP ("BDFTW") is attached hereto as Exhibit 3 and incorporated herein. No objection was made to BDFTW's Declaration of Non-Monetary Status. I discussed the removal of the action with counsel for BDFTW, who consented to removal.

5. On May 20, 2020, I received via electronic mail from Plaintiff's counsel's office, a First Amended Complaint ("FAC") in this action, which *adds for the first time* a cause of action under the Federal Truth In Lending Act ("TILA") 15 USC §1641(g). A true and correct copy of the FAC on file in the Action is attached hereto as Exhibit 4 and incorporated herein.

6. A true and correct copy of the Deed of Trust recorded in the San Mateo County Recorder's Office on August 4, 2020 as Instrument No. 2006-

1  117428, which was provided to my firm from a title company which my firm uses
2  to obtain documents evidencing the chain of title to real property is attached as
3  Exhibit 5 and incorporated herein.
4      7.   A true and correct copy of the San Mateo County Assessor's
5  summary of value for the Subject Property, APN No. 097-060-230, located at 23
6  Dory Lane, Foster City, CA 94404 reflecting a value of $630,992.00, which I
7  accessed and printed from the County's official website on March 27, 2020, is
8  attached as Exhibit 6 and incorporated herein.
9      Executed under penalty of perjury under the laws of the United States of
10  America on this 26th day of May 2020, at Newport Beach, California.

                                                ***/s/ Joan C. Spaeder-Younkin, Esq.***
                                                Joan C. Spaeder-Younkin, Declarant

## PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California where the mailing occurred. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On May 27, 2020, I served the foregoing document described as **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1331 and 1441; DECLARATION OF JOAN C. SPAEDER-YOUNKIN** on all interested parties in this action by causing [ ] the original [X] a true copy thereof to be enclosed in sealed envelope(s) addressed as follows:

**SEE ATTACHED SERVICE LIST**

[x] **(BY UNITED STATES MAIL)** I caused such envelope(s) to be placed for collection and mailing, following our ordinary business practices.

[ ] **(CM/ECF)** I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth herein pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P. 5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

1 |     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on May 27, 2020, at Newport Beach, California.

*[signature]*
Gretchen Grant

# SERVICE LIST

| | |
|---|---|
| Patricia Rodriguez, Esq.<br>RODRIGUEZ LAW GROUP, INC.<br>7220 North Rosemead Blvd., Suite 133<br>San Gabriel, CA 91775<br>Email: prod@attorneyprod.com<br>*Attorneys for Plaintiff, Stephanie Chu* | ***Counsel for Plaintiff*** |
| Barrett Daffin Frappier Treder & Weiss, LLP<br>3990 E. Concours St., Suite 350<br>Ontario, CA 91764-7971 | ***Defendant*** |

3
PROOF OF SERVICE