**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **STEPHANIE CHU,** | Case No.: 20-CV-3540 YGR |
| **Plaintiff,** | **ORDER GRANTING MOTION OF DEFENDANTS TO DISMISS FIRST AMENDED COMPLAINT AND DENYING MOTION OF PLAINTIFF FOR PRELIMINARY INJUNCTION** |
| v. | |
| **FAY SERVICING, LLC, ET AL.,** | **DKT. NOS. 14, 32** |
| **Defendants.** | |

Currently pending before the Court are two motions: (1) plaintiff Stephanie Chu's motion for preliminary injunction (filed June 5, 2020, Dkt. No. 17, and then withdrawn and re-filed by counsel Eric Rasmussen on June 26, 2020, *see* Dkt. Nos. 31, 32)[1] and (2) a motion to dismiss filed by defendants Fay Servicing, LLC, Wilmington Trust, N.A. as Trustee for MFRA Trust 2015-1 (filed June 3, 2020, Dkt. No. 14).

The Court, having considered the pleadings herein, the briefing in support of and opposition to the motions,[2] and the matters judicially noticeable, **ORDERS** as follows: the motion to dismiss for failure to state a claim is **GRANTED**; and the motion for preliminary injunction is **DENIED** in light of plaintiff's failure to plead a viable claim.

## I.   BACKGROUND

[1] On May 29, 2020, counsel of record Patricia Rodriguez (Cal. SBN 270639) was suspended for 30-days from the practice of law in California based upon multiple charges of providing incorrect information to consumers regarding assistance in obtaining home loan modifications to avoid foreclosure.  (*See* http://members.calbar.ca.gov/fal/Licensee/Detail/270639 last visited June 30, 2020; Opinion in Cal. State Bar Court Review No. 16-0-11648.)  The suspension was imposed after the original and first amended complaints were filed in this action, but before the motion for preliminary injunction was filed.

[2] Plaintiff did not file a timely opposition to the motion to dismiss.  The motion to dismiss was filed June 3, 2020 (Dkt. No. 14), making the response to the motion due June 17, 2020.  After the motion to reassigned, defendants file a notice on June 16, 2020, resetting the hearing on the motion to July 28, 2020, without any alteration of the briefing schedule.  (Dkt. No. 23.)  While the parties stipulated to a shorter briefing and hearing schedule on the motion for preliminary injunction, they did not change the briefing schedule on the motion to dismiss, which stands unopposed as of the date of this Order.

United States District Court
Northern District of California

On May 20, 2020, plaintiff filed her verified First Amended Complaint and attached copies of recorded documents pertinent to the property. (Dkt. No. 1-5, Notice of Removal, Exh. 4, "FAC".) Plaintiff's action concerns a non-judicial foreclosure on her property at 23 Dory Lane, Foster City, California, initiated by defendants' recording of a "Notice of Default and Election to Sell Under Deed of Trust" on October 9, 2019. Plaintiff's First Amended Complaint alleges claims for: (1) wrongful foreclosure based upon an allegedly void assignment of interest to defendant Wilmington Trust such that it has no authority to foreclose; (2) violation of California Civil Code 2924(a)(6) based on an alleged break in title precluding Wilmington from acquiring authority to foreclose; and (3) violation of Cal. Civil §§ 2923.4, 2923.5, and 2923.55 against Fay Servicing only for failure to contact plaintiff or pause the foreclosure process while a loan modification was completed. In addition, based upon those allegations, plaintiff alleges a fourth claim for breach of the covenant of good faith and fair dealing based on the foregoing; a fifth claim for violation of Cal. Business & Professions Code §17200 ("UCL"); and sixth claim for declaratory relief, all based upon the allegations in the first three claims. (*Id.*)

The FAC attaches certain recorded documents pertinent to the property and the non-judicial foreclosure proceedings that have been initiated. Exhibit A is the original deed of trust executed with now-defunct Washington Mutual Bank in August of 2006. Exhibit B to the FAC is an assignment of the deed of trust to defendant Wilmington Trust. Exhibit C is a Notice of Default ("NOD") recorded by National Default Servicing Corporation[3] stating a default in the amount of $19,589.66 as of October 7, 2019, and includes a declaration pursuant to Civil Code §2923.55(c) that defendant Fay contacted plaintiff to assess her financial situation and explore options to avoid foreclosure at least 30 days prior to the recording of the NOD. (Exh. C at p. 4.) A Notice of Trustee's Sale, Exhibit D, was recorded January 27, 2020, setting the initial sale date for March 4, 2020, and reflecting a total unpaid balance of $535,372. (FAC ¶ 19, Exh. D.)[4]

---

[3] National Default Servicing Corporation states in the NOD that it can be contacted through defendant Fay Servicing, LLC, listed at the same address. (FAC, Exh. C.)

[4] As noted, plaintiff has not filed a response to the motion to dismiss. The only evidence submitted by plaintiff in support of her motion for preliminary injunction was the verified First Amended Complaint and its attachments.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## II.   DISCUSSION

### A.   Plaintiff's Wrongful Foreclosure and Improper Recordation (Cal. Civ. § 2924(a)(6)) Claims

With respect to plaintiff's claims of wrongful foreclosure and violation of California Civil Code protections for homeowners, those claims are not viable for several reasons.  Most significantly, the Ninth Circuit has recently held that "California law does not permit preemptive actions to challenge a party's authority to pursue foreclosure before a foreclosure has taken place," following the decisions of the California appellate courts on this state law issue.  *Perez v. Mortg. Elec. Registration Sys., Inc.*, 959 F.3d 334, 340 (9th Cir. 2020) (citing cases).  Thus, plaintiff's claims preemptively challenging defendants' authority to foreclose before such authority has been exercised are not permitted under California law.  *Id*.

Second, plaintiff's theory that Wilmington has no authority to foreclose because the assignment of the deed of trust to Wilmington was recorded "well after the closing date" of the Trust and is therefore void, has been rejected by a number of courts.  The California Supreme Court has held that a borrower who has suffered a nonjudicial foreclosure may challenge that foreclosure based upon the validity of an assignment only if the assignment is void under applicable law, not merely voidable.  *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 924 (2016).  A voidable assignment is one that the *parties thereto* (the original lender, its assignee, an agent of either one) may ratify or extinguish at their election--rights that the borrower has no power to assert or to challenge.  *Id.* at 929-30; *see also Mendoza v. JPMorgan Chase Bank, N.A.*, 6 Cal.App.5th 802, 817 (2016) (listing "mountain of authority" holding that wrongful foreclosure plaintiff lacked standing to challenge validity of assignment).

Third, plaintiff relies on the legal argument that the holder of the note and deed of trust must "remain together," such that Wilmington "couldn't have acquired interest in the Note/Deed of trust" since "the loan was believed to be securitized in 2006." (FAC ¶¶ 75-76, 86, 90-93.)  Those allegations are insufficient to establish either that the Wilmington does not have the authority to foreclose, or that plaintiff has standing to challenge such alleged "breaks" in Wilmington's title. *See Orcilla v. Big Sur, Inc.*, 244 Cal. App. 4th 982, 1004 (2016) ("Given the exhaustive nature of

the nonjudicial foreclosure scheme, we decline to read additional requirements into the non-judicial foreclosure statute requiring the note and the deed of trust to be held by the same party."); *see also Powell v. Wells Fargo Home Mortg.*, No. 14-CV-04248-MEJ, 2017 WL 840346, at *8 (N.D. Cal. Mar. 3, 2017) (contention that defendant lacked authority to make assignments because the note and deed of trust were split during the securitization process is not a viable theory of recovery under California law); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156 (2011) ("California's nonjudicial foreclosure law does not provide for the filing of a lawsuit to determine whether MERS has been authorized by the holder of the Note to initiate a foreclosure"); *cf.* Cal. Civ. Code §2924.12 (listing provisions of nonjudicial foreclosure law that give rise to pre-sale injunctive relief and post-sale damages actions).

Consequently, plaintiff has not stated a viable claim for wrongful foreclosure or violation of Civil Code 2924(a)(6).[5]

**B.      Violation of California Homeowner's Bill of Rights (HBOR)**

Plaintiff likewise fails to allege facts sufficient to support her theories that Fay Servicing is acting in violation of the California Homeowners' Bill of Rights, specifically California Civil Code sections 2923.5 and 2923.55, based on failure to discuss alternatives to foreclosure or "dual-tracking" foreclosure proceedings against her while her loan modification application is pending. While plaintiff alleges that defendants "have not given a final decision" on her loan modification application, she concedes that they have "provided a potential loan modification on the premise that Plaintiff dismiss this suit." (FAC ¶ 24).  Plaintiff cannot base her claim on a refusal to accept the offered loan modification.[6]  Further, the NOD includes the necessary declaration of compliance by defendant.  (FAC Exh. 4.)  The facts judicially noticeable demonstrate that plaintiff has been in

---

[5] Further, several courts have concluded that section 2924(a)(6) does not provide a private right of action for damages or authorize injunctive relief.  *Rocha v. CIT Bank, N.A.*, No. 17-CV-05082-BLF, 2018 WL 1609636, at *3 (N.D. Cal. Apr. 3, 2018) (citing *Shetty v. JPMorgan Chase Bank*, No. CV168986, 2017 WL 4685547, at *5 (C.D. Cal. June 23, 2017); *Lucioni v. Bank of Am., N.A.*, 3 Cal.App.5th 150, 155, 159, 163 (2016)).

[6] *See also* Cal. Civ. Code § 2924.18 ("dual-tracking" prohibition on servicer proceeding with trustee's sale ends when borrower has been provided with a written determination of loan modification application and applies only where property is "owner-occupied," *i.e.*, principal residence of the borrower).

United States District Court
Northern District of California

1  communication with defendants about the loan and how to resolve her default extensively prior to

2  the recording of the NOD.  (FAC Exh. 4; RJN Exh. 7, 8, 9 [documents from plaintiffs' bankruptcy

3  proceedings acknowledging the loan]; see also Motion at 11:25-12:18 [listing several bankruptcy

4  petitions plaintiff has filed since obtaining the loan, as well as others].)  HBOR only guarantees an

5  opportunity to try to resolve matters short of foreclosure; it does not guarantee a result.  Plaintiff

6  has been given opportunities to cure the deficiency here.  She has not stated a violation of the

7  HBOR provisions alleged.

8          **C.      Contingent Claims (Good Faith and Fair Dealing, UCL, Declaratory Relief)**

9          Because the fourth, fifth, and sixth claims for relief are all contingent upon the

10  wrongfulness of the conduct alleged in the first three claims, those claims likewise must be

11  dismissed.

12          **D.      Preliminary Injunction**

13          Because plaintiff has failed to state the claims in her complaint, it follows that the motion

14  for preliminary injunction must be, and is, **DENIED AS MOOT**.

15  **III.    CONCLUSION**

16          The FAC is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff may file a Second Amended

17  Complaint no later than **twenty-one (21) days** from the date of this Order.  Plaintiff is cautioned,

18  however, to plead claims consistent with her obligations under Rule 11 of the Federal Rules of

19  Civil Procedure.  Defendants shall file their response within **twenty-one (21) days** thereafter.

20          This terminates Docket Nos. 14 and 32.

21          **IT IS SO ORDERED**.

22  Date: July 1, 2020

          _____
                    **YVONNE GONZALEZ ROGERS**
          **UNITED STATES DISTRICT COURT JUDGE**

23

24

25

26

27

28