United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CHU,<br>　　　　　Plaintiff,<br>　　vs.<br>FAY SERVICING, LLC, ET AL.,<br>　　　　　Defendants. | CASE NO. **20-CV-3540-YGR**<br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br>(Dkt. No. 39) |

Plaintiff Stephanie Chu has filed a motion for a temporary restraining order to stop the trustee's sale on her property at 23 Dory Lane, Foster City. (Dkt. No. 39.) Defendants Fay Servicing, LLC, Wilmington Trust, N.A., as Trustee for MFRA Trust 2015-1, have filed their opposition. (Dkt. No. 40.) Based upon the Court's review of the motion and opposition, the papers filed in support thereof, and the pleadings and papers in the record, and for the reasons stated herein, the motion for a temporary restraining order is **DENIED**.

**I.　PROCEDURAL HISTORY**

The Court previously granted defendants' motion to dismiss Chu's First Amended Complaint with leave to amend, finding that she had failed to allege claims for wrongful foreclosure or improper recordation under Cal. Civil Code section 2924(a)(6). (Dkt. No. 34.) In that same order, the Court denied Chu's motion for preliminary injunction on the grounds that her complaint failed to state a claim. (*Id*.) Therein, the Court noted that plaintiff's allegation that Wilmington's recording of an assignment of the deed of trust after the closing date of the Trust had been rejected many times by the courts. (*Id*. at 3.) The Court further rejected plaintiff's claims under Cal. Civil Code section 2923.5 and 2923.55, and the remainder of the claims alleged. (*Id*. at 4-5.)

Plaintiff filed her Second Amended Complaint on July 22, 2020 alleging just two new

claims: a violation of 15 U.S.C. §1641(g) Truth In Lending Act (TILA) and a violation of Cal. Business & Professions Code section 17200 based upon the TILA violation.  (Dkt. No. 36.)

**II.  ANALYSIS**

Plaintiff has not demonstrated a likelihood of success on the merits of her Second Amended Complaint.  First, plaintiff's TILA claim is based on the premise that Wilmington failed to provide notice that it was the new owner of the loan.  However, plaintiff alleges in the SAC that Wilmington was assigned the deed of trust and note in November 2015 and that such notice was duly recorded.  (SAC ¶¶ 14, 15.)  Plaintiff offers no evidence to support the allegation that she was not on notice, actually or constructively, of the assignment to Wilmington in connection with the instant motion.  Further, defendants contend the evidence already in the record here demonstrates that plaintiff was also on notice based upon her 2018 bankruptcy proceedings in which Wilmington Trust was established as the new creditor on the note.  (Dkt. No. 15, Wilmington's objection to plan filed in plaintiff's bankruptcy case 18-31090.)  Thus, defendants argue, the one-year statute of limitations on the alleged TILA violation ran long before the filing of the SAC.  For these reasons, the TILA claim and the contingent section 17200 claim—the only claims alleged in the SAC—appear likely to fail.[1]

Further, in opposition to the motion, defendants offer evidence that plaintiff has previously sued and settled litigation concerning the loan, each time affirming the enforceability of the loan and releasing any and all claims which were or could have been raised in, arise out of, relate to, or in any way, directly or indirectly, involve the. . . Action, the Note o[r] the Deed of Trust," the most recent settlement having been entered by plaintiff in 2016.  (Dkt. No. 27-3, Sequete Decl. in support of opposition to preliminary injunction, filed June 19, 2020, at ¶ 9 [referencing Northern

---

[1] Moreover, even assuming that plaintiff could plead a viable claim for TILA violation, the only remedy that would be available at this juncture would be one for damages.  *See McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1328 (9th Cir. 2012) (right of rescission under TILA expires three years after date of consummation of transaction, notwithstanding the fact that information or forms required to be disclosed have not been delivered, citing 15 U.S.C. § 1635(f)).

District Case No. 16-cv-04530-KAW].)

Defendants also submit evidence that plaintiff has requested and been offered loan modifications several times from 2018 to present. (*Id*. at ¶¶ 10-15, Spaeder-Younkin Decl. ¶¶ 4-6.) Thus, even if plaintiff had alleged a violation of Cal. Civil Code section 2923.6(c) for dual tracking while a loan modification application is pending—which she has not—she has not demonstrated a likelihood of success, given that the statute expressly prohibits submission of multiple, successive applications for a loan modification in the absence of a documented material change supporting a new evaluation. *See* Cal. Civ. Code § 2923.6 (g) ("In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.")

Given the complete lack of a showing that plaintiff is likely to succeed on the claims in her SAC (or the new claim she attempts to allege in her motion), the Court need not and does not reach the additional factors for establishing a right to temporary injunctive relief.

However, the Court does note that defendants have postponed the trustee's sale until August 24, 2020, based upon plaintiff's submission of additional documents in support of her latest loan modification application, filed last week.

For the foregoing reasons, the motion for a temporary restraining order is **DENIED**.

This terminates Docket No. 39.

**IT IS SO ORDERED.**

Dated: August 11, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**