UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE CHU,<br>             Plaintiff,<br>     vs.<br>FAY SERVICING, LLC, ET AL.,<br>             Defendants. | CASE NO. **20-CV-3540-YGR**<br>**ORDER DENYING MOTION FOR LEAVE TO AMEND AND DISMISSING ACTION**<br>(Dkt. No. 55) |

In her motion filed at Docket No. 55, plaintiff Stephanie Chu seeks leave to amend to file a proposed Third Amended Complaint ("Proposed TAC") to allege four claims: (1) violation of the Truth In Lending Act (TILA), 15 U.S.C. §1641(g); (2) negligence; and (3) breach of contract; and (4) violation of Cal. Business & Professions Code section 17200 ("UCL") based upon the TILA violation and alleged wrongful foreclosure based on non-payment of property taxes.

Federal Rule of Civil Procedure 15(a) provides that a trial court should "freely give leave when justice so requires." "In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) citing *Foman v. Davis,* 371 U.S. 178, 182 (1962). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Id.*; *see also Carrico v. City & County of San Francisco,* 656 F.3d 1002, 1008 (9th Cir. 2011).

Here, the Court finds that this proposed fourth iteration of plaintiff's complaint would be subject to dismissal and leave to amend would therefore be futile. Thus, as explained herein, the motion for leave to amend is **DENIED** and this action is **DISMISSED**.

**I.    DISCUSSION**

    **A.    TILA and Derivative 17200 Claim**

Plaintiff's Second Amended Complaint alleged: (1) a claim for damages for violation of TILA and (2) a UCL claim based upon the same. (Dkt. No. 36.) The TILA claim was premised on allegations that defendant Wilmington failed to provide plaintiff proper notice that it was the new owner of the loan at issue ("the Loan").

In its August 11, 2020 Order Denying Plaintiff's Motion for Temporary Restraining Order, the Court found that plaintiff was unlikely to succeed on either claim in the SAC since, based on the allegations and the matters judicially noticeable, the claims were time-barred under the one-year TILA statute of limitations, 15 U.S.C. § 1640(e). (Dkt. No. 41 at 2:6-17.) The SAC alleged that the transfer to Wilmington occurred November 17, 2015, over four years before the date on which suit was filed. It provided nothing more than a conclusory allegation that the statute of limitations should be tolled without any facts in support of that contention. Further, the judicially noticeable court records showed that plaintiff knew Wilmington was the secured creditor and beneficiary under the Loan no later than the time of her 2018 bankruptcy proceedings in which she sought to discharge the Loan. (*Id.*)

Here, plaintiff's proposed TAC alleges an identical TILA claim to the SAC and relies on that identical TILA violation as part of the basis for its UCL claim. Thus, for the reasons stated in the Court's prior orders, the proposed amendment would be futile as to these claims.[1]

    **B.    Negligence**

As a second cause of action, the proposed TAC alleges that defendants were negligent because they breached a duty to maintain accurate records of her loan, ensure "trial modification payments were received and processed," and refrain from taking any unlawful action against her or her property, and thereby are conducting an unlawful foreclosure. (Proposed TAC ¶¶ 66, 68.)

---

[1] Moreover, the futility of any amendment is underscored by the Court's finding in its August 11, 2020 Order, that plaintiff previously settled litigation concerning the Loan, each time affirming the enforceability of the loan and releasing any and all claims "which were or could have been raised in, arise out of, relate to, or in any way, directly or indirectly, involve the. . . Action, the Note o[r] the Deed of Trust," the most recent settlement having been entered by plaintiff in 2016. (Dkt. No. 41 at 2:7-3:5.)

This negligence claim, which in truth is a thinly disguised claim for wrongful foreclosure, is not cognizable.

First, to the extent plaintiff is attempting to allege a wrongful foreclosure claim, the Court's July 1, 2020 Order previously dismissed plaintiff's attempt to so allege, along with similar claims for violation of the California Homeowners' Bill of Rights and other statutory foreclosure violations. (Dkt. No. 34 at 3-5.) Second, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal.App.3d 1089, 1096 (1991). Financial institutions have no common law duty to "offer, consider, or approve a loan modification . . . . [nor to handle a] loan in such a way to prevent foreclosure." *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal.App.4th 49, 68 (2013).[2] Plaintiff does not allege any special relationship giving rise to duty outside the normal lender-borrower relationship. No viable negligence claim has been stated.

### C. Breach of Contract

Next, the proposed TAC alleges a breach of contract on the grounds that Fay wrongfully stopped accepting payments in 2019 which "led Plaintiff to go into default which goes against the terms of the contract." (Proposed TAC ¶¶ 76, 77.) Plaintiff then alleges that defendants recorded a notice of default but never reached out to her to resolve "why the one and/or two payments were not received" (*id*. ¶ 80), never notified her that the Notice of Default ("NOD") was recorded, and refused to accept payments after it was recorded (*id*. ¶¶ 81-84).

Like the negligence claim, this breach of contract claim attempts to sidestep the non-judicial foreclosure statutes. In support of the breach of contract claim, plaintiff alleges no more than the normal course of a non-judicial foreclosure: she was behind in loan payments (*i.e.* "one and/or two payments were not received prior to the recording of the Notice of Default" [proposed TAC ¶ 80])); a NOD was recorded; and defendants refused to accept payments thereafter. In her

---

[2] Moreover, "[b]ecause of the exhaustive nature of [the nonjudicial foreclosure] scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute'" *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154, (2011).

breach of contract claim, plaintiff identifies no provision of any contract that she claims was breached. And, indeed, the Note and Deed of Trust here permit the actions of which she complains (*i.e.*, borrower may refuse further payments insufficient to bring the Loan current and may recording a NOD after missed payments). (*See* FAC Ex. A [Deed of Trust] at ¶¶ 1, 22.)[3]

The Court previously rejected plaintiff's claims of wrongful foreclosure, violation of the nonjudicial foreclosure statutes, and violation of the California Homeowners' Bill of Rights. In so doing, the Court found defendants had complied with the necessary requirements in the NOD, had offered plaintiff a loan modification, and had worked extensively with her to avoid foreclosure, both before and after recording the NOD. (July 1, 2020 Order, Dkt. No. 34 at 3-4.) Plaintiff's proposed TAC attaches two separate Reinstatement forms, from August 12, 2020 and September 23, 2020, each providing plaintiff with another opportunity to reinstate the Loan and avoid foreclosure. Plaintiff's new attempt to avoid foreclosure based upon an alleged breach of contract fares no better than her other foreclosure challenges.

### D.  UCL Claim

Finally, plaintiff's UCL cause of action alleges that defendants violated TILA and that they are wrongfully attempting to foreclose on the property on false pretenses by claiming they advanced amounts due for property taxes despite plaintiff having paid them. As stated above, the TILA grounds for the UCL claim fail. With respect to the wrongful foreclosure theory, plaintiff's allegations are likewise undercut by her own allegations and the matters properly judicially noticeable from her complaints in this action.

Plaintiff alleges that defendants wrongfully initiated foreclosure due to her failure to pay property taxes, which they then advanced, although she had paid those taxes directly to the assessor. (*See* proposed TAC ¶¶ 93, 95.) The Notice of Default recorded October 9, 2019, attached as Exhibit C to plaintiff's First Amended Complaint (and referenced in paragraph 17 of the proposed TAC), indicated that she was in default in the amount of $19,589.66 as of that date

---

[3] While plaintiff purports to incorporate all allegations in the foregoing paragraphs, including her disputes about the amounts of fees listed in the attached Loan Reinstatement Forms, she does not rely on those allegations to state the breach of contract claim. (*See* proposed TAC ¶¶ 76-85.)

due to "failure to pay *the installment of principal, interest, and impounds* which became due on 5/01/2019 and all subsequent installments of principal, interest, and impounds, together with all late charges; *plus advances made and costs incurred by the beneficiary. . . .*" (Dkt. No. 1-5, Ex. C at 1, 2, emphasis supplied.)  Thus, the foreclosure was initiated due, at least in part, to failure pay principal.  Further, the terms of the Deed of Trust permit the lender to advance payment of property taxes when those amounts are not paid to the lender.  (*Id.*, Ex. A, Deed of Trust, ¶¶ 3 [borrower to pay lender taxes and assessments which can attain priority over the mortgage unless requirement waived by Lender], 9 [amounts disbursed by lender to protect interest become additional debt of the borrower].)  Thus, the Deed of Trust itself permits defendants to foreclose for amounts due attributable to advanced property taxes.[4]  Consequently, plaintiff's UCL claim on these grounds is without merit, and the proposed amendment to the UCL claim would be futile.

## II.   CONCLUSION

Based on the foregoing, the motion for leave to amend is **DENIED** and this action is **DISMISSED**. The Clerk shall close the file.

This terminates Docket No. 55.

**IT IS SO ORDERED.**

Dated: January 8, 2021

                                                                                                  _____
                                                                                                  **YVONNE GONZALEZ ROGERS**
                                                                                                  **UNITED STATES DISTRICT COURT JUDGE**

---

[4] Moreover, even if plaintiff could show that the amounts advanced for property taxes are not owed to defendants, plaintiff's proposed TAC apparently indicates that she nevertheless would continue to be in default.  The reinstatement notice attached to plaintiff's proposed TAC indicates that she is required to pay $101,338.16 to reinstate her loan as of September 23, 2020, only $41,306.18 of which is listed as "corporate advances," *i.e.*, advances for such amounts as property taxes. (*See* proposed TAC at Ex. C.)

5